U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 17 2016

TONY R. MOORE  CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH E. MARTINEZ, Plaintiff | CIVIL ACTION NO. 3:15-CV-2798 |
| VERSUS | JUDGE JAMES |
| CITY OF WEST MONROE, ET AL. Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 10) filed by Defendants the City of West Monroe (the "City") and Chief Jeff Terrell ("Chief Terrell") (collectively, "Defendants"). Defendants argue Plaintiff Kenneth E. Martinez ("Martinez") lacks standing to pursue claims on behalf of his nephew Raymond Keith Martinez (for clarification, the "Decedent"). Defendants also argue Martinez has failed to adequately allege claims against the City or Chief Terrell in his individual capacity, and certain claims against Louisiana law.

When Martinez filed the Complaint, he was neither a beneficiary entitled to assert a wrongful death or survival action, nor the Decedent's succession representative. Therefore, Martinez lacked standing to assert any of the claims in the Complaint. Martinez's claims should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). The Court pretermits consideration of Defendants' arguments under Fed. R. Civ. P. 12(b)(6).

1

I.  **Background**

Martinez alleges that, on December 4, 2014[1], Officer Jody Ledoux ("Officer Ledoux"), an officer with the West Monroe Police Department, fatally shot his nephew, the Decedent. Officer Ledoux shot the Decedent outside a convenience store in West Monroe, Louisiana. Martinez claims Officer Ledoux's use of deadly force was unjustified.

Martinez filed the Complaint on December 4, 2015 – exactly one year after the shooting. (Doc. 1). Martinez asserts claims under: (1) 42 U.S.C. § 1983, against Officer Ledoux (for excessive force), the City (for implementation of causal policies or customs, and various acts of negligence and malfeasance), and Chief Terrell (for acting with deliberate indifference in supervising Officer Ledoux; (2) Louisiana law, against all defendants, for "assault, battery, intentional infliction of emotional distress, false arrest, wrongful death, neglect of duty and/or negligence" (Doc. 1, p. 5); and (3) Louisiana's wrongful death and survival statutes. Defendants responded with the instant Motion to Dismiss (Doc. 10).[2] After an extended briefing period, the Motion is now before the Court for disposition.

II. **Law and Analysis**

Under Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction. A court must consider a Fed. R. Civ. P. 12(b)(1) motion

---

[1] In his Complaint, Martinez states in error that the date of the shooting was December 4, 2015, the day he filed his Complaint.

[2] Officer Ledoux filed a separate Motion to Dismiss for Insufficient Service of Process and an alternative Motion to Quash Service of Process (Doc. 11). The Court rules upon that Motion separately.

before other Rule 12 motions. <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir.2001). "The plaintiff always bears the burden of proving that jurisdiction exists." <u>See</u> <u>id.</u> A motion to dismiss under Fed. R. Civ. P. 12(b)(1) is the proper mechanism to challenge constitutional standing. <u>See</u> <u>Williams v. Certain Underwriters At Lloyd's of London</u>, 398 Fed.Appx. 44, 46 (5th Cir. 2010).[3]

Standing is a jurisdictional prerequisite, meaning "unless a plaintiff has standing, a federal district court lacks subject matter jurisdiction to address the merits of the case." <u>In re FEMA Trailer Formaldehyde Products Liab. Litig.</u>, 570 F.Supp.2d 851, 853 (E.D. La. 2008). "'[W]hen standing is challenged on the basis of the pleadings,' we must "accept as true all material allegations of the complaint and ... construe the complaint in favor of the complaining party." <u>Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.</u>, 627 F.3d 547, 550 (5th Cir. 2010) (quoting Pennell v. City of San Jose, 485 U.S. 1, 7, 108 S.Ct. 849, 855, 99 L.Ed.2d 1 (1988)). However, "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." <u>Xerox Corp. v. Genmoora Corp.</u>, 888 F.2d 345, 350 (5th Cir. 1989) (internal citations and quotations omitted).

---

[3] "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." <u>Harold H. Huggins Realty, Inc. v. FNC, Inc.</u>, 634 F.3d 787, 807 n.1 (5th Cir. 2011). As a constitutional standing issue, the Court considers Defendants' motion under Fed. R. Civ. P. 12(b)(1). <u>See, e.g.</u>, <u>King ex rel. Chaney v. Texas Med. Bd.</u>, 576 Fed.Appx. 353 (5th Cir. 2014).

A federal court must look to state law to determine standing under federal civil rights statutes. See Pluet v. Frasier, 355 F.3d 381, 383 (5th Cir. 2004). Thus, "a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." Id. Critically, the party "must have standing to sue at the time a complaint is filed." Id at 386.

In Louisiana, "[t]o recover under a claim for wrongful death and survival, a plaintiff must fall within the class of persons designated as a beneficiary as prescribed by La. Civ.Code arts. 2315.1 and 2315.2." Turner v. Busby, 2003-3444 (La. 9/9/04, 4); 883 So.2d 412, 416. Both statutes create a strict hierarchy for recovery. Beneficiaries recover in the following order: (1) surviving spouses or children; (2) surviving parents; (3) surviving siblings; or (4) surviving grandparents. See La. C.C. art. 2315.1(A); id. art. 2315.2(A). A "succession representative" may also assert a survival action if the decedent had no living relatives in the categories above. La C.C. art. 2315(B).

The wrongful death and survival statutes create rights of action which are "in derogation of the common right and cannot be extended by implication to other surviving relatives than those to whom it is expressly granted by statute." Chatman v. Martin, 245 So.2d 423, 426 (La. Ct. App. 2d Cir. 1971). Therefore, individuals outside the listed categories – even relatives – may not assert wrongful death or survival claims. See id.; see also, e.g., accord Collins v. Becnel, 297 So.2d 510, 511-12 (La. App. 4th Cir. 1974) ("[P]laintiffs have no right of action for Mrs. Auguste's

4

wrongful death as her aunts and uncles, since aunts and uncles are not among the beneficiaries enumerated in C.C. art. 2315.").

In this case, Martinez filed suit "individually and on behalf of the estate of Raymond Keith Martinez" as "the sole living relative of the deceased." (Doc. 1, p. 1). However, Martinez's status as the Decedent's uncle and sole living relative did not vest him with a wrongful death or survival claim. Martinez is not among the beneficiaries listed in articles 2315.1 or 2315.2.

Thus, Martinez may only have standing to assert a survival claim as the Decedent's "succession representative." In the Complaint, Martinez asserted – in conclusory fashion – that he represents the Decedent's estate. But in opposition to Defendants' Motion, Martinez filed a Petition for Appointment of Independent Administrator. (Doc. 20-1). Attached to the Petition is an Order providing that Martinez be "appointed independent Administrator of the Succession of Raymond Keith Martinez." (Doc. 20-1, p. 5). However, as correctly noted by Defendants, the Petition was filed, and the Order was signed, on March 24, 2016, *three months and 20 days after Martinez filed the Complaint.*

In Pluet, he Fifth Circuit encountered a nearly identical situation, and ruled as follows:

> In addition to claiming standing as a representative of Kenneth Pluet, Hardeman also claims she had standing as a representative of Fredrick Pluet's estate itself. Although Fredrick Pluet's estate would have standing under the TSS to pursue his 28 U.S.C. § 1983 claims, at the time she filed her complaint, Sandra Hardeman was not the administrator of Fredrick Pluet's estate. Hardeman filed her initial complaint and her amended complaint as "the guardian of Kenneth Jerome Pluet, the son and only heir of Fredrick Jerome Pluet." However,

5

> the complaint also provided that Hardeman was "suing on behalf of the estate of Fredrick Jerome Pluet and representing the only living heir of Fredrick Jerome Pluet," and that she "files this lawsuit as next friend and on behalf of the estate of Fredrick Jerome Pluet." Although Hardeman now claims to represent all of Fredrick Pluet's heirs, including his mother, Hardeman did not include any of these parties in her complaint and did not demonstrate that she had authority to file a complaint on behalf of any alleged heir other than Kenneth Pluet. Additionally, although the complaint alleged that Hardeman was filing on behalf of Fredrick Pluet's estate, Hardeman did not file the necessary motion to be named the administrator of Fredrick Pluet's estate until August 8, 2002—after receiving the results of the paternity test and almost eight months after filing her complaint. Consequently, Hardeman did not have the authority to file a complaint on behalf of the estate at the time she filed her initial and amended complaints. See Soc'y of Separationists, Inc. v. Herman, 959 F.2d 1283, 1288 (5th Cir.1992) (requiring a plaintiff to demonstrate that she has standing to sue at the time her complaint is filed).

Pluet, 355 F.3d at 385–86.

The same circumstances are present here. On December 4, 2015, Martinez was neither a "beneficiary" authorized to assert wrongful death or survival claims, nor the Decedent's succession representative. Even if Martinez is now the succession representative – which appears to be the case – Martinez did not have standing when he filed the Complaint. That fact is jurisdictionally fatal to all of Martinez's claims.[4]

Martinez also argues that depriving a sole relative of a cause of action "is unconstitutional and outside of the legislative intent." (Doc. 20, p. 4). Unfortunately, the opposition is true. Courts routinely dismiss relatives' claims when the relatives

---

[4] The Court's finding extends not only to Martinez's wrongful death and survival claims themselves, as well as Martinez's claims under 42 U.S.C. § 1983, but also to Martinez's claims under Louisiana law. Martinez may only pursues those tort claims through the survival action: "A survival action arises simultaneously with the commission of the tort against the direct victim and is transmitted to the beneficiaries upon the victim's death." Castille v. Louisiana Med. Mut. Ins. Co., 2014-519 (La. App. 3 Cir. 11/5/14, 4); 150 So.3d 614, 618. Because Martinez does not have standing to assert a survival action, he cannot recover for any alleged torts committed against the Decedent.

6

are not "beneficiaries" listed in articles 2315.1 and 2315.2. And because wrongful death and survival claims are exceptional causes of action which must be strictly construed, dismissing such claims is precisely the result intended by the legislature. In any event, Martinez's argument is unsupported and irrelevant given the clear text at issue. Dismissal without prejudice is warranted.

### III. Conclusion

Because Martinez had no standing to assert any of his claims when he filed the Complaint, and because Martinez had an adequate opportunity to establish any such standing when he opposed the pending Motion,

IT IS HEREBY RECOMMENDED that the Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 10) filed by Defendants the City of West Monroe and Chief Jeff Terrell be GRANTED.

IT IS FURTHER RECOMMENDED that all claims asserted by Kenneth E. Martinez against all named Defendants be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 17th day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge